PATRICK GREER, Appellee, v. WILLIAM POWELL *et al,* Appellants.

Boundaries: ACTION TO DETERMINE: EVIDENCE: STATUTE OF LIMITA-TIONS.

*Appeal from Johnson District Court.*—Hon. S. H. Fairall, Judge.

FRIDAY, OCTOBER 13, 1893.

THE parties plaintiff and defendant are owners of adjoining lots in Iowa City, upon both of which buildings were erected many years ago. The buildings occupy the whole of the lots. The plaintiff claims that the defendants' building occupies part of the plaintiff's lot, and this is an action in equity to settle and determine the dividing line between the lots, and to adjudicate the claims of the parties for the occupancy and use of part of the lots. There was a trial on the merits, and a decree for the plaintiff. The defendants appeal:—*Affirmed.*

*Robinson & Patterson,* for appellants.

*Slater & Conklin,* for appellee.

ROTHROCK, J.—There was a large mass of evidence introduced on the hearing, consisting of measurements and maps and plats of the prem-

ises, and the testimony of witnesses as to the time when the buildings of the respective parties were erected. It is impossible to set out the evidence thus introduced so that it would be understood by anyone not familiar with the location of the lots and buildings. Indeed, no one can understand the evidence and apply it to the matters in dispute so well as one who has personal knowledge of the property and its surroundings. It appears that there is a crack or seam between the buildings of the parties, and on the front thereof. The district court adopted this crack as the true line, and adjusted the respective claims of the parties on that line as the basis. Each one of the parties occupied over the line thus fixed with parts of his building, and the court, after examining the evidence as to the value of the parts thus occupied, and the value of the use, struck a balance, and judgment for the plaintiff for one hundred and four dollars and twenty-two cents, and apportioned the costs of the trial between the parties. Our conclusion is that the line fixed by the district court ought to be held to be the true line.

It is claimed that the action is barred by the statute of limitations. We do not think that the possession by the defendants and their grantors was adverse, and, in our opinion, the allowance made for use and occupation for five years prior to the commencement of the action was correct.

The decree of the district court is AFFIRMED.